1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GAUDARRAMA,<br>CDCR #P-54739,<br><br>                                    Plaintiff,<br><br><br>vs.<br><br><br>THE STATE OF CALIFORNIA, et al.,<br><br><br>                                    Defendants. | Civil No.    08-0078 H (AJB)<br><br>**ORDER:**<br><br>**(1)  GARNISHING $350 BALANCE FROM PRISONER TRUST ACCOUNT PURSUANT TO COURT'S ORDER DATED FEBRUARY 4, 2008 GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

11
12
13
14
15
16
17
18
19
20
21
22

23   Plaintiff, a state inmate currently incarcerated at Calipatria State Prison and proceeding

24  pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his

25  constitutional rights were violated by the State of California when Calipatria State Prison

26  officials failed to cooperate with "medical orders prescribed by Plaintiff's therapists." (Compl.

27  at 13.)  Plaintiff does not allege that he had a serious medical need.

28  ///

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. On February 4, 2008, this Court granted Plaintiff's Motion to Proceed IFP and denied Plaintiff's Motion for Appointment of Counsel.

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court has already found Plaintiff's affidavit sufficient to demonstrate that he is unable to pay the initial filing fee. *See* Feb. 4, 2008 Order at 1. However, Plaintiff remains obligated to pay the entire fee in installments pursuant to 28 U.S.C. § 1915(b)(1). Accordingly, the Court orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

2

*See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick,*  213 F.3d at 446, n.1.

First, Plaintiff names the State of California as a Defendant. The State of California is not a "person" subject to suit and is instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996).   In order to state a claim under  § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

////

1    In his Complaint, Plaintiff alleges that Defendants have failed to "carry out medical

2  orders prescribed by Plaintiff's therapist."  (Compl. at 13.)  Without more, the Court finds

3  Plaintiff's allegations insufficient to state an Eighth Amendment claim.  First, Plaintiff has failed

4  to allege facts sufficient from which the Court could find that Plaintiff suffers from a "serious"

5  medical need.  In order to assert a claim for inadequate medical care, Plaintiff must allege the

6  defendant was "deliberately indifferent to his serious medical needs."  *Helling v. McKinney*, 509

7  U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This rule applies to "physical,

8  dental and mental health."  *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

9    "[S]tate prison authorities have wide discretion regarding the nature and extent of medical

10  treatment."  *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).   Thus, to state a claim for

11  cruel and unusual punishment, Plaintiff must allege both: (1) an objectively "serious" medical

12  need, *i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly

13  affects his daily activities, or one which is chronic and accompanied by substantial pain, *see*

14  *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and

15  "sufficiently culpable" state of mind on the part of each individual defendant.  *See Wilson v.*

16  *Seiter*, 501 U.S. 294, 302 (1991).

17    Here, Plaintiff must allege that Defendants knew of a serious need for medical treatment,

18  yet nevertheless disregarded his need despite the excessive risk posed to Plaintiff's health or

19  safety. *See Farmer*, 511 U.S. at 837.  In his Complaint, the majority of Plaintiff's claims appear

20  to relate to a disagreement with prison officials as to how long and at what times he should be

21  required to wear his "hand splints." (Compl. at 13-16.)  However, a mere difference of opinion

22  between an inmate and prison medical personnel regarding appropriate medical diagnosis and

23  treatment are not enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d

24  240, 242 (9th Cir. 1989).  Thus, because Plaintiff's Complaint, at most, alleges a difference of

25  opinion between a prisoner and prison officials, he has failed to state an Eighth Amendment

26  claim upon which relief can be granted.  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at

27  446, n.1.

28  ////

4

In addition, Plaintiff seeks to hold Defendants Tilton, Scribner, Levin, Ball, Gray and Correa liable for actions taken in their supervisory capacities. (*See* Compl. at 18.)  To state a claim against a state official under section 1983, the complainant must allege direct personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim).

Thus, as supervisors, Defendants Tilton, Scribner, Levin, Ball, Gray and Correa  may only be held liable for the constitutional violations of their subordinate officers if they are alleged to have participated in or directed the violation of Plaintiff's constitutional rights. Plaintiff makes no such allegations of personal participation on the part of Defendants Tilton, Scribner, Levin, Ball, Gray and Correa in this case.  If there is no affirmative link between a defendant's alleged conduct and the prisoner's alleged injury, there is no deprivation of constitutional rights.  *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).   Therefore, Plaintiff's Complaint must be also be dismissed as to Defendants Tilton, Scribner, Levin, Ball, Gray and Correa for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d 246.

Plaintiff also contends that his constitutional rights were violated by Defendant Ortiz when he allegedly "subjected Plaintiff to verbal abuse and hostility." (Compl. at 14.)  To the extent that Plaintiff is seeking to hold any of the named Defendants liable for harassing him, he has failed to state a claim. Verbal harassment or verbal abuse by prison officials generally does not constitute a violation of the Eighth Amendment.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).  Accordingly, Plaintiff claims regarding verbal harassment are dismissed for failing to state a claim upon which

08cv0078

1  § 1983 relief can be granted.

2      Accordingly, the Court concludes that Plaintiff has failed to state any section 1983 claim

3  upon which relief may be granted, and therefore this action is subject to dismissal pursuant to

4  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at

5  446, n.1.  However, because it is not absolutely clear that Plaintiff could not cure the defects of

6  pleading identified in this Order, he is hereby granted an opportunity to amend.  *Lopez*, 203 F.3d

7  at 1127 (leave to amend is generally appropriate unless the court has determined, "that the

8  pleading could not possibly be cured by the allegation of other facts.").

9                                                    **III.**

10                                    **CONCLUSION AND ORDER**

11      Good cause appearing, **IT IS HEREBY ORDERED**:

12      1.      Pursuant to the Court's Order dated February 4, 2008, granting Plaintiff's Motion

13  to proceed IFP pursuant to 28 U.S.C. § 1915(a), the Secretary of the California Department of

14  Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect no initial

15  partial filing fee in this case, but must collect from Plaintiff's prison trust account the $350

16  balance of the filing fee owed by assessing monthly payments from Plaintiff's prison trust

17  account in an amount equal to twenty percent (20%) of the preceding month's income credited

18  to the account and to forward those payments to the Clerk of the Court each time the amount in

19  the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL MONTHLY

20  PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

21  ASSIGNED TO THIS ACTION.

22      2.      The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton,

23  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

24  Sacramento, California 95814.

25      **IT IS FURTHER ORDERED** that:

26      3.      Plaintiff's Complaint fails to state a claim upon which relief may be granted,

27  therefore the action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

28  However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is

1    "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading

2    noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his

3    previous pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-

4    alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565,

5    567 (9th Cir. 1987).  Further, Plaintiff is further cautioned that if he elects not to amend, or if his

6    Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal

7    of this action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C.

8    § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

9    DATED:  February 20, 2008

10

11   MARILYN L. HUFF, District Judge
     UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  7