```
 1  JORGE GUADARRAMA P-54739
    CALIPATRIA STATE PRISON
 2  P.O. BOX 5002, ASU 138 LOW
    CALIPATRIA, CALIFORNIA 92233
 3
 4  PLAINTIFF IN PRO PER
```



FILED
MAR 4 - 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUADARRAMA (APPELLANT) PLAINTIFF, | CIVIL NO.: 08-0078 H (AJB) |
| V. | NOTICE OF APPEAL (CIVIL) |
| THE STATE OF CALIFORNIA, ET AL., (APPELLEE) DEFENDANT. | |

TO THE ABOVE-ENTITLED COURT:

NOTICE IS HEREBY GIVEN THAT THE ABOVE-NAMED PLAINTIFF, HEREBY APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, FROM THE ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, ENTERED IN THIS PROCEEDING ON THE FOURTH DAY OF FEBRUARY, 2008, AND THE ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM, ENTERED IN THIS PROCEEDING ON THE TWENTIETH DAY

-1-

08cv0078

OF FEBRUARY, 2008.

REQUESTING COPIES OF THE COMPLAINT (DOCUMENT NUMBER. 1), AND MOTION FOR APPOINTMENT OF COUNSEL (DOCUMENT NUMBER. 3).

THE CIVIL COMPLAINT WAS FILED ON JANUARY 14, 2008.

DATED:
FEBRUARY 27, 2008.

RESPECTFULLY SUBMITTED,

JORGE GUADARRAMA
P-54739
PLAINTIFF IN PRO PER

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, __JORGE GUADARRAMA__ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE __PLAINTIFF__ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __TWENTYSEVENTH__ DAY OF: __FEBRUARY__, 20__08__ AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) __[signature]__
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, __JORGE GUADARRAMA__ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002. CALIPATRIA, CALIFORNIA #92233-5002.

ON __FEBRUARY/27__, 20__08__ I SERVED THE FOREGOING: __UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA, OFFICE OF THE CLERK, 880 FRONT STREET, SUITE 4290, SAN DIEGO, CALIFORNIA, 92101-8900__

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

1. NOTICE OF APPEAL.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA, 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __FEBRUARY 27, 2008__.   __[signature]__
(DECLARANT/PRISONER)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GAUDARRAMA,<br>CDCR #P-54739,<br><br>                         Plaintiff,<br><br>vs.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>                         Defendants. | Civil No.  08-0078 H (AJB)<br><br>**ORDER:**<br><br>**(1) GARNISHING $350 BALANCE FROM PRISONER TRUST ACCOUNT PURSUANT TO COURT'S ORDER DATED FEBRUARY 4, 2008 GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

      Plaintiff, a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated by the State of California when Calipatria State Prison officials failed to cooperate with "medical orders prescribed by Plaintiff's therapists." (Compl. at 13.) Plaintiff does not allege that he had a serious medical need.

///

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. On February 4, 2008, this Court granted Plaintiff's Motion to Proceed IFP and denied Plaintiff's Motion for Appointment of Counsel.

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court has already found Plaintiff's affidavit sufficient to demonstrate that he is unable to pay the initial filing fee. *See* Feb. 4, 2008 Order at 1. However, Plaintiff remains obligated to pay the entire fee in installments pursuant to 28 U.S.C. § 1915(b)(1). Accordingly, the Court orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

1  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua
2  sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
3  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
4  are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
5  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
6  2000) (§ 1915A).

7  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
8  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28
9  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
10 make and rule on its own motion to dismiss before directing that the Complaint be served by the
11 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
12 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
13 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
14 § 1915A).

15 "[W]hen determining whether a complaint states a claim, a court must accept as true all
16 allegations of material fact and must construe those facts in the light most favorable to the
17 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
18 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even
19 presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon
20 which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at
21 1126-27; *Resnick*, 213 F.3d at 446, n.1.

22 First, Plaintiff names the State of California as a Defendant. The State of California is not
23 a "person" subject to suit and is instead, entitled to absolute immunity from monetary damages
24 actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44,
25 53-54 (1996). In order to state a claim under § 1983, Plaintiff must identify a "person" who,
26 acting under color of state law, deprived him of a right guaranteed under the Constitution or a
27 federal statute. *See* 42 U.S.C. § 1983.
28 ////

In his Complaint, Plaintiff alleges that Defendants have failed to "carry out medical orders prescribed by Plaintiff's therapist." (Compl. at 13.) Without more, the Court finds Plaintiff's allegations insufficient to state an Eighth Amendment claim. First, Plaintiff has failed to allege facts sufficient from which the Court could find that Plaintiff suffers from a "serious" medical need. In order to assert a claim for inadequate medical care, Plaintiff must allege the defendant was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This rule applies to "physical, dental and mental health." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

"[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Thus, to state a claim for cruel and unusual punishment, Plaintiff must allege both: (1) an objectively "serious" medical need, *i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff must allege that Defendants knew of a serious need for medical treatment, yet nevertheless disregarded his need despite the excessive risk posed to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. In his Complaint, the majority of Plaintiff's claims appear to relate to a disagreement with prison officials as to how long and at what times he should be required to wear his "hand splints." (Compl. at 13-16.) However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Thus, because Plaintiff's Complaint, at most, alleges a difference of opinion between a prisoner and prison officials, he has failed to state an Eighth Amendment claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

////

Case 3:08-cv-00078-H-AJB   Document 8   Filed 03/04/2008   Page 8 of 15
Case 3:08-cv-00078-H-AJB   Document 5   Filed 02/20/2008   Page 5 of 7

In addition, Plaintiff seeks to hold Defendants Tilton, Scribner, Levin, Ball, Gray and Correa liable for actions taken in their supervisory capacities. (*See* Compl. at 18.) To state a claim against a state official under section 1983, the complainant must allege direct personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim).

Thus, as supervisors, Defendants Tilton, Scribner, Levin, Ball, Gray and Correa may only be held liable for the constitutional violations of their subordinate officers if they are alleged to have participated in or directed the violation of Plaintiff's constitutional rights. Plaintiff makes no such allegations of personal participation on the part of Defendants Tilton, Scribner, Levin, Ball, Gray and Correa in this case. If there is no affirmative link between a defendant's alleged conduct and the prisoner's alleged injury, there is no deprivation of constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976). Therefore, Plaintiff's Complaint must be also be dismissed as to Defendants Tilton, Scribner, Levin, Ball, Gray and Correa for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d 246.

Plaintiff also contends that his constitutional rights were violated by Defendant Ortiz when he allegedly "subjected Plaintiff to verbal abuse and hostility." (Compl. at 14.) To the extent that Plaintiff is seeking to hold any of the named Defendants liable for harassing him, he has failed to state a claim. Verbal harassment or verbal abuse by prison officials generally does not constitute a violation of the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Accordingly, Plaintiff claims regarding verbal harassment are dismissed for failing to state a claim upon which

5

08cv0078

§ 1983 relief can be granted.

Accordingly, the Court concludes that Plaintiff has failed to state any section 1983 claim upon which relief may be granted, and therefore this action is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because it is not absolutely clear that Plaintiff could not cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Pursuant to the Court's Order dated February 4, 2008, granting Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect no initial partial filing fee in this case, but must collect from Plaintiff's prison trust account the $350 balance of the filing fee owed by assessing monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and to forward those payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

2. The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted, therefore the action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is

"Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, Plaintiff is further cautioned that if he elects not to amend, or if his Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal of this action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: February 20, 2008

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUADARRAMA,<br><br>                              Plaintiff,<br>vs.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>                              Defendant. | CASE NO. 08-CV-0078 H (AJB)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

On January 14, 2008, plaintiff Jorge Guadarrama, a state prisoner, filed a complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has filed a motion to proceed in forma pauperis, as well as a motion for the appointment of counsel to assist him in prosecuting this civil action (Doc. Nos. 2, 3.).

**Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a lawsuit without payment of the required filing fee if the plaintiff submits an affidavit demonstrating the plaintiff's inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiff has submitted a form motion and a certificate regarding the balance of Plaintiff's prison trust account. (See Doc. No. 2.) The Court concludes that Plaintiff has established that he cannot pay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed in forma pauperis.

**Motion to Appoint Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. <u>Lassiter v. Dept. of Social Services</u>, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved. Although Plaintiff asserts that he is not skilled in the law and that he experiences difficulty writing, based on Plaintiff's complaint and the motions he has filed to date the Court concludes that he is able to adequately articulate the basis of his claims. Therefore, Plaintiff's motion fails to establish the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Under these circumstances, the Court denies plaintiff's motion for appointment of counsel because it is not warranted by the interests of justice. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

IT IS SO ORDERED.

DATED: February 4, 2008

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

# Notice of Appeal Notification Form

To: Clerk, U.S. Court of Appeals  Date: 03/5/08
From: U.S. District Court, Southern District of California
Subject: New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Jorge Guadarrama v. The State of California, et al

U.S.D.C. No.: 08cv0078 H (AJB)          U.S.D.C. Judge: Marilyn L. Huff

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 2/21/2008

Notice of Appeal Filed: 3/4/2008

Court Reporter: n/a

COA Status:  ☐ Granted in full/part (appeal only)     ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:  ☐ Paid     ☐ Not Paid     [x] No Fee Required

USA/GOVT. APPEAL:  ☐ Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): 2/4/2008

Was F/P Status Revoked?  ☐ Yes   [x] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Jorge Guadarrama
P-54739

PO Box 5002
Calipatria, CA 92233

**Appellee Counsel:**

Attorney General
Office of the Attorney General, State of CA

110 West A Street
Suite 1100
San Diego, CA 92101-5266

(619) 645-2076

Counsel Status:  ☐ Retained     ☐ Appointed     [x] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: P-54739

Bail: _____

Custody:   x  _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| x | F/P Order and Order Denying Motion to Appoint Counsel entered 2/5/2008 |
| | Minute Order |
| x | Other: Order Dismissing Case entered 2/21/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

**L. Hammer**

Lauren Hammer

Deputy's Name                                    Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:**   **08cv0078 H (AJB)**
      **Guadarrama v. The State of California et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in __ set(s) of __ volume(s). | | |
| | Reporter's transcript's transcripts in __ set(s) of __ volume(s). | | |
| | Exhibits in __ envelope(s) __ box(es) __ folders(s) | | |
| | Judgement Order | x | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Dismissing Case entered 2/21/08, Order denying motion to appoint counsel entered 2/5/08 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

**L. Hammer**

Date:   03/5/08      By:_____
                     Lauren Hammer, **Deputy**