JORGE GUADARRAMA P-54734
CALIPATRIA STATE PRISON
P.O. BOX 5002 ASU 138 LOW
CALIPATRIA, CALIFORNIA 92233

IN PRO PER

FILED

2008 APR 25 AM 9:20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**NUNC PRO TUNC**
APR 23 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JORGE GUADARRAMA,
            PLAINTIFF,
V.

JAMES E. TILTON, THE
SECRETARY FOR C.D.C.R.;
L.E. SCRIBER, THE WARDEN;
M. LEVIN, CMO; K. BALL, M.D.;
F. LO, M.D.; C. GRAY, SRN;
M. CORREA, SRN; E. ORDUNO,
RN; S. ORTIZ, RN; AND DOES
1 THROUGH 15, INCLUSIVE,
            DEFENDANT.

) CASE NO.: 08-CV-0078 H(AJB)
) CIVIL RIGHTS COMPLAINT
) [42 U.S.C. § 1983] FIRST
) AMENDED COMPLAINT FOR
) MONEY DAMAGES; DECLAR-
) ATORY AND INJUNCTIVE
) RELIEF; DEMAND FOR
) JURY TRIAL PURSUANT
) TO [F.R.C.P. § 38(B); LOCAL
) RULE 38.1].

## JURISDICTION

1. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. § 1983. THEREFORE, JURISDICTION IS PROPER UNDER 28 U.S.C. §§ 1331 AND 1343.

## VENUE

2. All of the conduct giving rise to the claims alleged herein arose in C.D.C.R., Calipatria State Prison, California. Therefore, venue is proper under 28 U.S.C. § 1391(B)(3).

## INTRODUCTION

3. This is a civil rights complaint for money damages brought under 42 U.S.C. § 1983 against prison medical personnel and prison officials for violations of plaintiff's protected United States Constitutional Rights. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Demand for jury trial pursuant to F.R.C.P. § 38(B) and Local Rule 38.1.

## PARTIES

4. Plaintiff Jorge Guadarrama is a 27 year old male, Mexican-American resident of the State of California, currently incarcerated by the California Department of Corrections and Rehabilitation ("C.D.C.R.") at Calipatria State Prison

("CSP") IN CALIPATRIA, CALIFORNIA. AT ALL TIMES MENTIONED IN THIS COMPLAINT, PLAINTIFF IS AND WAS A PRISONER WITHIN THE C.D.C.R SYSTEM.

5. DEFENDANT JAMES E. TILTON IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE DEPARTMENT OF CORRECTIONS AND REHABILITATION ("C.D.C.R") AS THE SECRETARY. IN THIS POSITION DEFENDANT JAMES E. TILTON IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR ASSURING THAT ALL INMATES' WITHIN C.D.C.R, INCLUDING CALIPATRIA STATE PRISON RECEIVE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT.

6. DEFENDANT L.E. SCRIBNER IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS THE WARDEN AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT L.E. SCRIBNER IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE SAFETY AND PROTECTION OF ALL INMATES' AT THAT INSTITUTION INCLUDING PLAINTIFF.

7. DEFENDANT M. LEVIN, M.D. IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A CHIEF MEDICAL OFFICER ("CMO") AT CALIPATRIA STATE PRISON. IN THIS

POSITION DEFENDANT M. LEVIN, IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT OF ALL INMATES' AT THAT INSTITUTION, INCLUDING PLAINTIFF.

8. DEFENDANT K. BALL, M.D. IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A PHYSICIAN AND SURGEON, A CHIEF PHYSICIAN AND SURGEON, AND/OR A CMO AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT K. BALL, IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT OF ALL INMATES' AT THAT INSTITUTION, INCLUDING PLAINTIFF.

9. DEFENDANT F. LO, M.D. IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A PHYSICIAN AND SURGEON AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT F. LO, IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT OF ALL INMATES' AT THAT INSTITUTION, AND WAS PLAINTIFF'S PRIMARY CARE PROVIDER ("PCP") ON OCTOBER 26, 2005

THROUGH MARCH 30, 2006.

10. DEFENDANT C. GRAY, SRN IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A REGISTERED NURSE, AND/OR A SUPERVISING REGISTERED NURSE ("SRN") AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT C. GRAY, IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT OF ALL INMATES' AT THAT INSTITUTION, INCLUDING PLAINTIFF.

11. DEFENDANT M. CORREA, SRN IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A REGISTERED NURSE, AND/OR A SUPERVISING REGISTERED NURSE ("SRN") AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT M. CORREA, IS AND HAS BEEN RESPONSIBLE FOR THE SUPERVISION OF SUBORDINATE PERSONNEL, AS WELL FOR THE PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT OF ALL INMATES' AT THAT INSTITUTION, INCLUDING PLAINTIFF.

12. DEFENDANT E. ORDUNO, RN IS, AND AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED BY THE C.D.C.R AS A REGISTERED NURSE ("RN") AT CALIPATRIA STATE PRISON. IN THIS POSITION DEFENDANT E. ORDUNO, IS AND HAS BEEN

1  RESPONSIBLE FOR THE PROPER MEDICAL CARE,
2  DIAGNOSIS, AND TREATMENT OF ALL INMATES'
3  AT THAT INSTITUTION, INCLUDING PLAINTIFF.
4      13. DEFENDANT S. ORTIZ, RN IS, AND AT ALL
5  TIMES MENTIONED HEREIN WAS EMPLOYED BY
6  THE C.D.C.R AS A REGISTERED NURSE("RN") AT
7  CALIPATRIA STATE PRISON. IN THIS POSITION
8  DEFENDANT S. ORTIZ, IS AND HAS BEEN
9  RESPONSIBLE FOR THE PROPER MEDICAL CARE,
10 DIAGNOSIS, AND TREATMENT OF ALL INMATES'
11 AT THAT INSTITUTION, INCLUDING PLAINTIFF.
12     14. AT ALL TIMES MENTIONED IN THIS
13 COMPLAINT, EACH INDIVIDUAL DEFENDANT WAS
14 ACTING UNDER COLOR OF STATE LAW.
15     15. AT ALL TIMES MENTIONED IN THIS
16 COMPLAINT, EACH INDIVIDUAL DEFENDANT
17 WAS ACTING IN THEIR OFFICIAL CAPACITY
18 AND IN THE SCOPE AND COURSE OF THEIR
19 EMPLOYMENT.
20     16. ALL OF THE DEFENDANTS', AND EACH
21 OF THEM, ARE ALSO SUED IN THEIR INDIVIDUAL
22 CAPACITIES FOR THE CLAIMS ALLEGED IN THIS
23 COMPLAINT.
24     17. AT ALL TIMES MENTIONED IN THIS
25 COMPLAINT, THE DEFENDANTS' 5 THROUGH
26 11 ARE RESPONSIBLE AND LIABLE FOR THE
27 ACTS, OF DEFENDANTS' MENTIONED IN THIS
28 COMPLAINT, WHO HAVE COMMITTED CONSTITU-

1. TIONAL VIOLATIONS PURSUING TO AN OFFICIAL
2. POLICY, LONGSTANDING PRACTICE, AND
3. CUSTOM, WHICH CONSTITUED STANDARD
4. OPERATIONAL PROCEDURAL BEING THAT
5. DEFENDANTS' 5 THROUGH 11 ARE OFFICIAL
6. FINAL POLICY MAKING AUTORITY FOR C.D.C.R,
7. AND ALSO THE DEFENDANTS' 7, 8, 9, 10, AND
8. 11 ARE AS AFORESAID FOR MEDICAL STAFF.
9.    18. PLAINTIFF, IS INFORMED AND BELIEVES,
10. AND ON THE BASIS OF SUCH INFORMATION
11. AND BELIEF ALLEGES, THAT EACH OF DOES 1
12. THROUGH 15 IS RESPONSIBLE IN SOME
13. MANNER FOR THE VIOLATIONS ALLEGED IN THIS
14. COMPLAINT. THE TRUE NAMES AND CAPACITIES
15. OF SAID DOES 1 THROUGH 15, ARE PRESENTLY
16. UNKNOW TO PLAINTIFF, THEREFORE SUES SAID
17. DOES 1 THROUGH 15, BY SUCH FICTITIOUS
18. NAMES AND WILL SEEK LEAVE TO AMEND
19. THIS COMPLAINT TO ADD THEIR TRUE NAMES
20. AND CAPACITIES WHEN THE SAME HAVE
21. BEEN ASCERTAINED.

-7-

08cv0078

## SUBSTANTIAL FACTS #1

19. Plaintiff had one of many operations in his hands (see Exhibit "A") which makes Plaintiff's medical condition a serious medical need in that failure to treat the condition has resulted in further significant injury, and the ongoing failure to treat it is likely to cause more serious injury. Said injury has included, but not necessarily been limited to, a contracture, swelling, excruciating untolerable, and very severe pain, resulted.

20. Once Plaintiff was released from U.C.S.D (University of California, San Diego) Medical Center he was return to Calipatria State Prison, which he was housed in the Central Infirmary Cell #7.

21. At all times mention in this complaint defendants' E. Ordunio, and S. Ortiz [did not] rudly, and maliciously approached and/or harassed Plaintiff about his hand splints on November 02, 2005 through March 2006. This additional federal violations began on April 03, 2006.

## SUBSTANTIAL FACTS #2

22. IN DOING AS ALLEGED HEREIN, DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS, AND SUBJECTED HIM TO UNNECESSARY AND WANTON INFLICTION OF PAIN, INCLUDING PHYSICAL INJURY AND PSYCHOLOGICAL AND EMOTIONAL DISTRESS, IN VIOLATION OF HIS RIGHT UNDER THE EIGHTH AMENDMENT. SPECIFICALLY, DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S RIGHT TO MEDICAL CARE WHEN THEY INTENTIONALLY, KNOWINGLY, AND MALICIOUSLY INFLICTED PHYSICAL, AND PSYCHOLOGICAL ABUSE AND HUMILIATION ON PLAINTIFF BY HARASSING HIM OVER PERIODS OF TIME ABOUT NOT WEARING HIS "HAND SPLINTS." WHICH WAS WELL DOCUMENTED AT THE TIME, PLAINTIFF'S HAND SPLINTS WEARING SCHEDULE, AND THE CIRCUMSTANCE SUGGEST THAT THE DEFENDANTS' HAD BEEN EXPOSED TO INFORMATION CONCERNING THE RISK AND THUS 'MUST HAVE KNOWN' ABOUT IT, THEN SUCH EVIDENCE COULD BE SUFFICIENT TO PERMIT A TRIER OF FACT TO FIND THAT THE DEFENDANTS' HAD ACTUAL KNOWLEGE OF THE RISK. SEE EXHIBITS "B", "C" "D", "E", "F", AND WILSON V. SEITER, 501 U.S.

294, 303 (1991); <u>FARMER V. BRENNAN</u>, 511 U.S. 825, 842-43 (1994).

## SUBSTANTIAL FACTS #3

23. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES, THAT DEFENDANTS':

(A) TILTON, WAS AWARE AND KNEW FOR HE IS THE HEAD AUTHORITY THAT APPROVE OR DENY AN EXCLUDED SERVICE REQUIRE FOR MEDICAL PURPOSE FOR C.D.C.R;

(B) SCRIBNER, WAS AWARE AND KNEW FOR HE IS THE HEAD AUTHORITY FOR CSP THAT REVIEW AND DENY SECURITY/SAFETY/TREATMENT CONDITIONS;

(C) LEVIN, WAS AWARE AND KNEW FOR HE IS THE HEAD AUTHORITY OF MEDICAL PERSONNEL IN CSP THAT APPROVE OR DENY AN EXCLUDED SERVICE REQUIRE FOR MEDICAL PURPOSE FOR CSP;

(D) BALL, WAS AWARE AND KNEW FOR SHE IS THE CHIEF PHYSICIAN AND SURGEON ("CP&S") IN CSP THAT APPROVE OR DENY AN EXCLUDED SERVICE REQUIRE FOR MEDICAL PURPOSE FOR CSP;

(E) GRAY, WAS AWARE AND KNEW FOR SHE IS A SRN FOR CSP AND HAS AUTHORITY

TO REVIEW, APPROVE OR DENY AN EXCLUDED SERVICE REQUIRE FOR MEDICAL PURPOSE;

(F) CORREA, WAS AWARE AND KNEW FOR SHE IS A SRN FOR CSP AND HAS AUTHORITY TO REVIEW, APPROVE OR DENY AN EXCLUDED SERVICE REQUIRE FOR MEDICAL PURPOSE.

24. PLAINTIFF IS FURTHER INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA KNEW THAT SUCH CONDUCT WOULD BE HARMFUL TO PLAINTIFF OR ANY OTHER INMATE SUBJECTED TO SUCH CONDUCT, YET ALLOWED DEFENDANTS' LO, ORDUNO, AND ORTIZ TO REMAIN IN THERE POSITION OF AUTHORITY, AND TO CARRY OUT THIS OFFENSIVE BEHAVIOR. IN DOING SO, DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA IMPLEMENT A POLICY THAT REPUDIATED PLAINTIFFS CONSTITUTIONAL RIGHTS AND WAS UNCONSCIONABLE. UNDER THE DOCTRINE OF SUPERVISORY LIABILITY DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA ARE LIABLE FOR PLAINTIFFS INJURIES. SEE: TAYLOR V. LIST, 880 F.2d 1040, 1045 (9th Cir. 1989); RIPSON V. ALLES 21 F.3d 805, 809 (8th Cir. 1994); VALDES V. CROSBY, 450 F.3d 1231, 1244 (11 Cir. 2006); HYDRICK V. HUNTER, 449 F.3d 978, 992 (9th Cir. 2006)

-11-

08cv0078

## SUBSTANTIAL FACTS #4

25. ON OR ABOUT APRIL 07, 2006, PLAINTIFF FILED A MEDICAL GRIEVANCE CAL LOG NUMBER I-06-01068 AND THE FOLLOWING STARTED TO OCCUR:

(A) DEFENDANTS' E. ORDUNO, AND S. ORTIZ DID NOT STOPPED HARASSING PLAINTIFF ABOUT HIS HAND SPLINTS WEARING SCHEDULE, BUT IN FACT CONTINUED TO HARASSED PLAINTIFF OVER PERIODS OF TIME AND SUBJECTED PLAINTIFF TO PHYSICAL AND PSYCHOLOGICAL INJURY, WHEN PLAINTIFF HAD TO LEAVE THE HAND SPLINTS ON BEYOND THE TWO HOURS. SO THAT DEFENDANTS' E. ORDUNO, AND S. ORTIZ WON'T HARASS HIM;

(B) DEFENDANTS' PROLONGED THE ABILITY TO ACCOMMODATE AND/OR FURNISH PLAINTIFF WITH NEW EDEMA GLOVES AND FOREARM SLEEVES THAT WERE DETERIORATED FROM DAILY WEAR AND WERE OVER A YEAR OLD;

(C) DEFENDANTS' HAVE NOT FURNISH PLAINTIFF AND/OR ACCOMMODATE HIM WITH NEW HAND SPLINTS THAT HAVE BECOME UNUSABLE DUE TO FRACTURES/BREAKAGE (SEE EXHIBIT "G");

(D) AFTER PLAINTIFF'S SURGERY DATED DECEMBER 05, 2006 (SEE EXHIBIT "H") AND WAS DISCHARGE ON DECEMBER 11, 2006 FROM THE CENTRAL INFIRMARY, AND SENT BACK TO ASU #2 (ADMINISTRATIVE SEGREGATION UNIT). THERE WERE ONLY 2 (TWO) OCCASIONS WHERE PLAINTIFF RECEIVED NEW DRESSINGS CHANGES TO HIS LEFT HAND.

26. THEREFORE, PLAINTIFF STRONGLY BELIEVES THAT THE PROBLEMS, AND/OR HIS MEDICAL CARE, DIAGNOSIS, AND TREATMENT WOULD NOT HAD DIMINISHED IF PLAINTIFF WOULD NOT HAD FILED A MEDICAL COMPLAINT.

27. IN DOING AS ALLEGED HEREINABOVE, DEFENDANTS' ACTED IN A RETALIATORY MOTIVE. THEREFORE, PROVIDING CIRCUMSTANTIAL EVIDENCE BETWEEN THE TIME THE GRIEVANCE WAS FILED AND PLAINTIFF'S MEDICAL CARE, DIAGNOSIS, AND TREATMENT WAS DIMINISHED. SEE: <u>RIZZO V. DAWSON</u>, 778 F.2d 527, 531-32 (9th Cir. 1985); <u>PRATT V. ROWLAND</u>, 65 F.3d 802, 806 & N.4 (9th Cir. 1995); <u>RODRIGUEZ V. MCCLENNING</u>, 399 F. Supp. 2d 228, 239-40 (S.D.N.Y. 2005).

## FIRST CAUSE OF ACTION

28. PLAINTIFF REFERS TO AND INCORPORATES HEREIN THE ALLEGATIONS OF PARAGRAPHS # 1 THROUGH # 27, INCLUSIVE.

29. PLAINTIFF'S MEDICAL CONDITION, AS DESCRIBED HEREIN, CONSTITUTES A SERIOUS MEDICAL NEED IN THAT FAILURE TO TREAT THE CONDITION HAS RESULTED IN FURTHER SIGNIFICANT INJURY, AND THE ONGOING FAILURE TO TREAT IT IS LIKELY TO CAUSE MORE SERIOUS INJURY. SAID INJURY HAS INCLUDED, BUT NOT NECESSARILY BEEN LIMITED TO, A CONTRACTURE, SWELLING, EXCRUCIATING UNTOLERABLE, AND VERY SEVERE PAIN. PLAINTIFF'S MEDICAL CONDITION ALSO SIGNIFICANTLY AFFECTS HIS ACTIVITIES IN PRISON EACH AND EVERY DAY. SEE: BROCK V. WRIGHT, 315 F.3d 158, 162 (2d Cir. 2003) QUOTING ESTELLE V. GAMBLE, 429 U.S. 97, 104 (1976).

30. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS' HAVE ACTED INTENTIONALLY IN THE MANNER DESCRIBED ABOVE AND WITH KNOWLEDGE OF PLAINTIFF'S SUFFERING AND THE RISK OF FURTER SERIOUS HARM THAT COULD RESULT FROM THEIR ACTIONS

1  OR REFUSAL TO ACT.
2  31. DEFENDANTS', AND EACH OF THEM,
3  SUBJECTED PLAINTIFF TO THIS PHYSICAL,
4  EMOTIONAL, AND MENTAL ANGUISH UNDER
5  CIRCUMSTANCES WHICH DID NOT REQUIRE
6  THE USE OF HARASSMENT WHATSOEVER.
7  32. DEFENDANTS' ACTS, AS ALLEGED
8  HEREIN, WERE DESPICABLE, KNOWINGLY,
9  WILLFULY, MALICIOUSLY, AND/OR CARRIED OUT
10 WITH RECKLESS DISREGARD FOR PLAINTIFF'S
11 FEDERALLY PROTECTED RIGHTS.
12 33. AS A DIRECT AND PROXIMATE RESULT
13 OF ALL OF THE DEFENDANTS' ACTIONS HEREIN
14 ALLEGED, PLAINTIFF SUFFERED, AND CON-
15 TINUES TO SUFFER, PHYSICAL INJURY.
16 PLAINTIFF IS ENTITLED TO AN AWARD OF
17 COMPENSATORY, PUNITIVE, AND EXEMPLARY
18 DAMAGES FOR INJURIES SUFFERED.
19 34. AS A FURTHER DIRECT AND PROXIMATE
20 RESULT OF ALL OF THE DEFENDANTS' ACTIONS
21 HEREIN ALLEGED, PLAINTIFF SUFFERED, AND
22 CONTINUES TO SUFFER, SEVERE EMOTIONAL
23 AND PSYCHOLOGICAL DISTRESS. PLAINTIFF
24 IS ENTITLED TO AN AWARD OF COMPENSATORY,
25 PUNITIVE, AND EXEMPLARY DAMAGES SUF-
26 FERED.
27 35. DEFENDANTS' CONDUCT VIOLATES
28 U.S.C. §§ 1983, BECAUSE THAT CONDUCT

CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

## SECOND CAUSE OF ACTION

36. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE ALLEGATIONS OF PARAGRAPHS #1 THROUGH #27, INCLUSIVE, AND PARAGRAPHS #28 THROUGH #35, INCLUSIVE, OF THE FIRST CAUSE OF ACTION, AS IF ALLEGED HEREIN.

37. DEFENDANTS' HAVE DENIED PLAINTIFF HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF DEPRIVATION OF MEDICAL CARE, THUS DENYING A BASIC HUMAN NEED GUARANTEED TO PRISONERS' BY THE U.S. CONSTITUTION. SEE: HELLING V. MCKINNEY, 509 U.S. 25, 31-32 (1993); WILSON V. SEITER, 501 U.S. 294, 304-05 (1991).

## THIRD CAUSE OF ACTION

38. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH OF ALLEGATIONS OF PARAGRAPHS #1 THROUGH #27, INCLUSIVE AND PARAGRAPHS #28 THROUGH #35, INCLUSIVE OF THE FIRST CAUSE OF ACTION, AND PARAGRAPHS #36 THROUGH #37, INCLUSIVE, OF THE SECOND CAUSE OF ACTION, AS IF ALLEGED HEREIN.

39. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES, THAT DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA AND OTHER DOE DEFENDANTS' OF WHOM HE IS NOT PRESENTLY AWARE, KNEW THAT DEFENDANTS' LO, ORDUNO, AND ORTIZ WERE CAPABLE OF, AND LIKELY TO PERPETRATE SUCH AN OUTRAGEOUS ACT AS DERELICTION OF MEDICAL ORDERS, YET ALLOWED DEFENDANTS' LO, ORDUNO, AND ORTIZ TO REMAIN IN THERE POSITION OF AUTHORITY, AND TO CARRY OUT THIS OFFENSIVE BEHAVIOR. IN DOING SO, DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA IMPLEMENT A POLICY THAT REPUDIATED PLAINTIFF'S CONSTITUTIONAL RIGHTS AND WAS UNCONSCIONABLE. UNDER THE DOCTRINE

OF SUPERVISORY LIABILITY DEFENDANTS' TILTON, SCRIBNER, LEVIN, BALL, GRAY, AND CORREA ARE LIABLE FOR PLAINTIFF'S INJURIES.

## FOURTH CAUSE OF ACTION

40. PLAINTIFF REALLEGES AND INCORPORATES BY REFERANCE EACH OF THE ALLEGATIONS OF PARAGRAPHS #1 THROUGH #27, INCLUSIVE, AND PARAGRAPHS #28 THROUGH #35, INCLUSIVE, OF THE FIRST CAUSE OF ACTION, AND PARAGRAPHS #36 THROUGH #37, INCLUSIVE, OF THE SECOND CAUSE OF ACTION, AND PARAGRAPHS #38 THROUGH #39, INCLUSIVE, OF THE THIRD CAUSE OF ACTION, AS IF ALLEGED HEREIN.

41. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES, THAT DEFENDANTS' HAVE RETALIATED AGAINST PLAINTIFF FOR FILING HIS MEDICAL GRIEVANCES, AND IS BEING DONE WITHOUT DUE PROCESS OF LAW, AND EQUAL PROTECTION. DENYING PLAINTIFF HIS FIRST AND FOURTEENTH AMENDMENT RIGHTS OF THE U.S. CONSTITUTION.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JORGE GUADARRAMA PRAYS FOR JUDGMENT AGAINST DEFENDANTS' AS FOLLOWS:

1. FOR DECLARATORY, AND INJUCTIVE RELIEF IN THE FORM OF PROPER MEDICAL CARE, DIAGNOSIS, AND TREATMENT, ACCORDING TO PROOF;

2. FOR GENERAL DAMAGES, ACCORDING TO PROOF;

3. FOR SPECIAL DAMAGES, ACCORDING TO PROOF;

4. FOR PUNITIVE DAMAGES, ACCORDING TO PROOF;

5. FOR EXEMPLARY DAMAGES, ACCORDING TO PROOF;

6. APPOINT COUNSEL, AND AWARD REASONABLE ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988;

7. FOR COST OF THE SUIT; AND

8. GRANT ANY OTHER AND FURTHER RELIEF THE COURT DEEMS JUST, PROPER AND EQUITABLE.

## DEMAND FOR JURY TRIAL

PLAINTIFF JORGE GUADARRAMA HEREBY REQUESTS A JURY TRIAL PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND CIVIL RULE 38.1 OF THE LOCAL RULES OF PRACTICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

## VERIFICATION

I, JORGE GUADARRAMA, STATE:

I AM THE PLAINTIFF IN THIS ACTION. I HAVE READ THE FOREGOING COMPLAINT AND THE FACTS STATED THEREIN ARE TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS THAT ARE THEREIN STATED ON MY OWN INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED THIS TWENTIETH DAY OF APRIL, 2008 AT CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

*[signature]*
JORGE GUADARRAMA
D-54739
DECLARANT-PLAINTIFF