1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10

11   JORGE GAUDARRAMA,
     CDCR #P-54739,
12
                                    Plaintiff,
13

14                      vs.

15

16

17   THE STATE OF CALIFORNIA, et al.,

18

19                                 Defendants.

20
21
22

Civil No.     08-0078 H (AJB)

**ORDER:**

**(1)  DISMISSING CLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b); AND**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)**

23

## I.    PROCEDURAL HISTORY

24          On January 14, 2008, Plaintiff, a state inmate currently incarcerated at Calipatria State

25   Prison and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

26   Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed

27   a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

28   On February 4, 2008, this Court granted Plaintiff's Motion to Proceed IFP and denied Plaintiff's

     Motion for Appointment of Counsel.  This Court later sua sponte dismissed Plaintiff's Complaint

1  for failing to state a claim but granted Plaintiff leave to file an Amended Complaint to correct

2  the deficiencies of pleading identified by the Court.  *See* Feb. 20, 2008 Order at 7.

3      Rather than filing an Amended Complaint, Plaintiff filed a Notice of Appeal with the

4  Ninth Circuit Court of Appeals [Doc. No. 8].  This appeal was later dismissed because the Order

5  challenged in the appeal was deemed not a final order.  *See* Order of the United States Court of

6  Appeals for the Ninth Circuit dated April 18, 2008 [Doc. No. 20].  Plaintiff then filed his First

7  Amended Complaint ("FAC") [Doc. No. 19] on April 25, 2008.

8  **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

9      As the Court previously stated in its February 4, 2008 Order, the Prison Litigation Reform

10  Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed

11  by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in

12  any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal

13  law or the terms or conditions of parole, probation, pretrial release, or diversionary program,"

14  "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under

15  these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

16  complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

17  seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

18  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

19  *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

20      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28

22  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit

23  make and rule on its own motion to dismiss before directing that the Complaint be served by the

24  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,

25  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

26  claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

27  § 1915A).

28  ////

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

5    In his First Amended Complaint, Plaintiff is alleging that his Eighth Amendment right

6    to adequate medical care was violated when prison officials "maliciously approached and/or

7    harassed Plaintiff about his hand splints." (FAC at 8.) Plaintiff claims that the failure to treat

8    his serious medical condition led to "swelling, excruciating intolerable, and very severe pain"

9    in his hands. Plaintiff seeks to hold Defendants Tilton, Scribner, Levin, Ball, Gray and Correa

10   liable for the alleged constitutional violations "under the doctrine of supervisory liability." (*Id.*

11   at 11.) However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.*

12   *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be

13   individualized and focus on the duties and responsibilities of each individual defendant whose

14   acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

15   F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order

16   to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual

17   Defendant which have a direct causal connection to the constitutional violation at issue. *See*

18   *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

19   Cir. 1989).

20   As supervisors, these Defendants may only be held liable for the allegedly

21   unconstitutional violations of a subordinate if Plaintiff alleges specific facts which show: (1)

22   how or to what extent they personally participated in or directed a subordinate's actions, and (2)

23   in either acting or failing to act, they were an actual and proximate cause of the deprivation of

24   Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As

25   currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally

26   construe to support an individualized constitutional claim against Defendants Tilton, Scribner,

27

28

1   Levin, Ball, Gray and Correa and thus, these Defendants are dismissed from this action.[1]

2          As to the remaining Defendants, the Court finds that Plaintiff's Eighth Amendment claims

3   in his First Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§

4   1915(e)(2) and 1915A(b), and that Plaintiff is therefore entitled to U.S. Marshal service on his

5   behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall

6   issue and serve all process, and perform all duties in [IFP] cases.");  FED.R.CIV.P.  4(c)(2)

7   (providing that "service be effected by a United States marshal, deputy Untied States marshal,

8   or other officer specially appointed by the court ... when the plaintiff is authorized to proceed

9   *in forma pauperis* pursuant to 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua

10  sponte screening and dismissal procedure is cumulative of, and not a substitute for, any

11  subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  *Teahan v. Wilhelm*,

12  481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

13  **III.    CONCLUSION AND ORDER**

14         Good cause appearing, **IT IS HEREBY ORDERED**:

15         1.    Defendants State of California, Tilton, Scribner, Levin, Ball, Gray and Correa are

16  **DISMISSED** from this action because Plaintiff failed to state a claim as to these Defendants

17  upon which 1983 relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

18         **IT IS FURTHER ORDERED** that:

19         2.    The Clerk shall issue a summons upon the remaining Defendants and forward it

20  to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition,

21  the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his

22  First Amended Complaint and the summons for purposes of serving each of these Defendants.

23  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as

24  completely and accurately as possible, and to return them to the United States Marshal according

25  to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter,

26  the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each

27

28         [1] Plaintiff did not rename Defendant State of California in his FAC.  Thus, Plaintiff has waived the claims against this Defendant.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1   Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by

2   the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3          3.      Defendants are thereafter **ORDERED** to reply to the First Amended Complaint

4   within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5   *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the

6   right to reply to any action brought by a prisoner confined in any jail, prison, or other

7   correctional facility under section 1983," once the Court has conducted its sua sponte screening

8   pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

9   determination based on the face on the pleading alone that Plaintiff has a "reasonable

10  opportunity to prevail on the merits," Defendants are required to respond).

11         4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by

12  counsel, upon Defendants' counsel, a copy of every further pleading or other document

13  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

14  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

15  of any document was served on Defendants, or counsel for Defendants, and the date of service.

16  Any paper received by the Court which has not been filed with the Clerk or which fails to

17  include a Certificate of Service will be disregarded.

18

19  DATED: July 7, 2008              _____

20                                   HON. MARILYN L. HUFF
                                     United States District Judge

21

22

23

24

25

26

27

28