1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    JORGE GUADARRAMA,                          Civil No.    08-0078 H (AJB)
      CDCR #P-54739,
12
                              Plaintiff,
13                                               **ORDER  DENYING PLAINTIFF'S**
              vs.                                **MOTION FOR RECONSIDERATION**
14                                                **[Doc. No. 25]**
      THE STATE OF CALIFORNIA, et al.,
15
                              Defendants.
16

17

18

19          On January 14, 2008, Jorge Guadarrama ("Plaintiff"), a state inmate currently

20    incarcerated  at Calipatria State Prison located in Calipatria, California and proceeding pro se,

21    filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff filed a Motion

22    to Proceed *In Forma Pauperis* ("IFP") which was granted on February 4, 2008.

23          Subsequently, on February 20, 2008, this Court sua sponte dismissed Plaintiff's

24    Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C.

25    §§ 1915(e)(2)(B) & 1915A(b).  (*See* Feb. 20, 2008 Order at 6-7.)  However, Plaintiff was

26    granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading

27    identified in the Court's Order.  (*Id.*)  On April 25, 2008, Plaintiff filed his First Amended

28    Complaint ("FAC").

1     The Court, once again, conducted the required sua sponte screening of Plaintiff's FAC

2 and found that Plaintiff had failed to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

3 1915A(b) as to Defendants the State of California, James Tilton, L.E. Scribner, M. Levin, C.

4 Gray and M. Correa. (*See* July 8, 2008 Order at 3-4.) However, as to the remaining claims

5 against the remaining Defendants, the Court found that Plaintiff's FAC survived the sua sponte

6 screening and therefore, he was entitled to U.S. Marshal service on his behalf. (*Id.* at 4.)

7     Plaintiff has now filed a "Notice of Motion Objecting to this Court Order Dismissing

8 Defendants" [Doc. No. 25] which the Court liberally construes as a motion for reconsideration.

9 **I.    Plaintiff's Motion for Reconsideration**

10     A motion for reconsideration may be construed as a motion to alter or amend judgment

11 under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989);

12 *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*,

13 the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion

14 where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'"

15 *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).

16 Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with

17 newly discovered evidence, (2) committed clear error or the initial decision was manifestly

18 unjust, or (3) if there is an intervening change in controlling law. There may also be other,

19 highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*,

20 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

21     Plaintiff provides very little basis for his motion. In his declaration, he states that he was

22 only given "eight hours of access to the law library for the month of March." (*See* Pl.'s Mot. at

23 4.) During that time frame, Plaintiff never requested an extension of time from the Court to file

24 his FAC. However, even if Plaintiff had received an extension of time to file his FAC, it is

25 unlikely that the Court would have ruled any differently with respect to the dismissal of the

26 Defendants identified in the Court's Order.

27     Thus, the Court finds that Plaintiff has provided no newly discovered evidence, has failed

28 to show clear error or that the Court rendered a manifestly unjust decision, and has further failed

1    to identify any intervening changes in controlling law that would demand reconsideration of the

2    Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

3    **II.    Conclusion and Order**

4        Accordingly, Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 25].

5        IT IS SO ORDERED.

6    DATED:  August 11, 2008

7

8    MARILYN L. HUFF, District Judge
     UNITED STATES DISTRICT COURT

9    COPIES TO:
     All parties of record.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28