EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DAVID F. TAGLIENTI, State Bar No. 131622
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2015
 Fax: (619) 645-2012
 Email: David.Taglienti@doj.ca.gov

Attorneys for Defendants E. Orduno and S. Ortiz

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUADARRAMA,<br><br>                           Plaintiff,<br><br>     v.<br><br>JAMES E. TILTON; THE SECRETARY FOR C.D.C.R.; L.E. SCRIBER, THE WARDEN; M. LEVIN, CMO; K. BALL, M.D.; F. LO, M.D.; C. GRAY, SRN; M. CORREA, SRN; E. ORDUNO, RN; S. ORTIZ, RN; AND DOES 1 THROUGH 15, INCLUSIVE,<br><br>                           Defendants. | Case No.: 08-cv-00078 H (AJB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)<br><br>Date:         October 20, 2008<br>Time:         10:30 a.m.<br>Courtroom:   13<br><br>Honorable Marilyn L. Huff |

INTRODUCTION

By his first amended complaint (FAC)[1], Plaintiff, a state inmate in *pro se,* alleges a § 1983 deliberate indifference claim under the Eighth Amendment against, among others, Defendants S. Ortiz (Ortiz) and E. Orduno (Orduno), stemming from Defendants' alleged harassment of Plaintiff relative to the medical care he received for his hands in or about 2006, at

---

1. In February 2008, the Court dismissed sua sponte Plaintiff's original complaint with leave to amend. On July 8, 2008, the Court dismissed sua sponte the First Amended Complaint as to a number of defendants, but permitted the action to proceed as to others, including Defendants Ortiz and Orduno.

1  Calipatria State Prison (Calipatria).[2/]  Specifically, Plaintiff complains that Defendants Ortiz and

2  Orduno, both of whom are employed as registered nurses at Calipatria, harassed him regarding

3  the schedule for wearing hand splints following one of many operations on his hands.  He also

4  alleges that Defendants failed to give him new edema gloves and a new hand splint, forcing him

5  to wear forearm sleeves that were old and deteriorated from daily wear and a hand splint that

6  was fractured and broken.  Plaintiff further alleges that Ortiz and Orduno retaliated against him

7  for filing a medical grievance in or about April 2006, presumably documenting Defendants'

8  alleged harassment.  (*See* FAC ¶¶ 22, 25.)[3/]

9        As set forth below, because Plaintiff has not alleged facts demonstrating that the

10 Defendants acted with deliberate indifference to his serious medical needs within the meaning of

11 the Eighth Amendment, that claim necessarily fails.  Further, to the extent Plaintiff seeks to

12 allege a due process violation under the Fourteenth Amendment, the claim fails because Plaintiff

13 has not alleged facts demonstrating that these moving Defendants engaged in conduct that

14 "shocks the conscience."  Moreover, Plaintiff's retaliation claim under the First Amendment fails

15 inasmuch as verbal harassment cannot form the basis for a § 1983 claim.  Accordingly, the

16 motion should be granted and the action dismissed with prejudice as to these moving

17 Defendants.

18                              STATEMENT OF FACTS

19       After Plaintiff had one of many operations on his hands at the UCSD Medical Center,

20 he was returned to Calipatria and housed in the Central Infirmary, Cell No. 7.  (FAC ¶¶ 19-20.)

21 / / /

22 / / /

23 / / /

24

---

25

26    2. Plaintiff also alleges in conclusory fashion a retaliation claim under the First Amendment and a due process claim under the Fourteenth Amendment, as to these moving Defendants, that appears to be based on their continued harassment of Plaintiff after he filed a medical grievance in

27 or about April 2006, apparently complaining about the misconduct.  (*See* FAC ¶ 41.)

28    3. Although Plaintiff makes reference to an "Exhibit A" in the FAC (*see* ¶ 19), there is no such exhibit attached to the copy of the FAC received by these moving Defendants.

1  Thereafter, from about November 2, 2005, through March 2006, Orduno and Ortiz rudely and
2  maliciously approached and/or harassed Plaintiff about not wearing his hand splints.[4/] (FAC
3  ¶¶ 21-22.)  On or about April 7, 2006, apparently because of Defendants' harassing behavior,
4  Plaintiff filed a medical grievance complaining about the harassment and mistreatment.
5  (FAC ¶ 25.)  Despite this filing, Ortiz and Orduno continued to harass Plaintiff about when he
6  was supposed to wear his hand splints.  They also "prolonged the ability to accommodate and /or
7  furnish" Plaintiff with new edema gloves and forearm sleeves, requiring him to wear gloves and
8  sleeves that were deteriorated and old and a hand splint that was fractured.[5/]  (FAC ¶ 25(B).)
9  Ortiz and Orduno also failed to furnish Plaintiff with new hand splints, leaving him to wear hand
10 splints that had become unusable due to fractures or breakage.  (FAC ¶ 25.)

## ARGUMENT

### A.    STANDARD ON MOTION TO DISMISS

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b), the court accepts as true the facts alleged in the complaint.  *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986).  While allegations of material fact in the complaint are taken as true and construed in the light most favorable to party opposing the motion, conclusory allegations of law and unwarranted inferences are insufficient to overcome a motion to dismiss.  *Associated General Contractors of America v. Metropolitan Water Dist. of Southern California*, 159 F.3d 1178, 1181 (9th Cir. 1998).  Dismissal is appropriate where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Furthermore, where, as here, the plaintiff is in *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of the doubt.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).   In giving the complaint a liberal interpretation, however, the court may not "supply

---

4. Interestingly, the words "rudely," "maliciously" and "harassed" in this paragraph are preceded by the bracketed phrase "did not."  It is assumed here Plaintiff did not intend the bracketed phrase.

5. Plaintiff also makes reference to an "Exhibit G," but there is no such exhibit attached to the FAC received by these moving Defendants.

essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. THE MERITS

### I

### PLAINTIFF'S EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM SHOULD BE DISMISSED AS TO THESE MOVING DEFENDANTS BECAUSE NEITHER DEFENDANT ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS ON THE FACTS ALLEGED

To prove a violation of the proscription against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, an inmate must demonstrate that the defendants acted with a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106. To establish deliberate indifference, "an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The defendant must purposefully ignore or fail to respond to a prisoner's pain or medical need. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A plaintiff must show that the prison official was aware of facts from which an inference of substantial risk of serious harm could be drawn and that the official actually drew the inference but failed to act. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Mere inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Neither does a difference of medical opinion between the inmate and prison medical authorities regarding a diagnosis and/or treatment give rise to a claim for deliberate indifference. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Indeed, the constitution does not require that prisoners be given every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Nor does the constitution grant an inmate an independent constitutional right to

outside medical care additional and supplemental to the care provided by prison medical staff. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986). Furthermore, while deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988), where the claim alleges a delay in treatment, the inmate must demonstrate that the delay was harmful. *Wood*, 900 F.2d at 1335; *see also Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981); *Estelle*, 429 U.S. at 107; *cf. Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . .").

      Here, Plaintiff has not alleged facts demonstrating Defendants Orduno and/or Ortiz acted with deliberate indifference to his serious medical needs within the meaning of the Eighth Amendment. Although Plaintiff alleges that Defendants maliciously harassed him regarding when he was to wear his hand splints following one of many operations on his hands, any such verbal harassment cannot form the basis of a claim under the Eighth Amendment, even if the retaliatory behavior was in response to a medical grievance Plaintiff filed in or about April 2006. It has long been settled that verbal harassment and abuse do not state a claim under § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). In any event, because Defendants were harassing him about wearing his gloves, sleeves and hand splints, albeit to Plaintiff's chagrin, Plaintiff cannot establish that either Defendant "acted with a culpable state of mind," *Wilson*, 501 U.S. at 302, or purposefully ignored or failed to respond to Plaintiff's pain or medical need. *McGuckin*, 974 F.2d at 1060.

      Moreover, the failure to provide Plaintiff new edema gloves and a new hand splint, requiring him to wear forearm sleeves that were old and deteriorated and a hand splint that was fractured, is at most a mere difference of medical opinion between an inmate and medical staff

that, even if true, does not rise to the level of an Eighth Amendment violation. *See Franklin*, 662 F.2d at 1344. Thus, Plaintiff's Eighth Amendment claim must be dismissed with prejudice to moving Defendants Ortiz and Orduno.

## II

### PLAINTIFF'S PURPORTED FOURTEENTH AMENDMENT DUE PROCESS CLAIM NECESSARILY FAILS BECAUSE NEITHER MOVING DEFENDANT ACTED IN A MANNER THAT "SHOCKS THE CONSCIENCE"

The Fourteenth Amendment "was intended to prevent government from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago County Dept. of Social Services* (1989) 489 U.S. 189, 196; *Daniels v. Williams* (1986) 474 U.S. 327, 331 (the goal of the due process clause is "'"[t]o secure the individual from the arbitrary exercise of the powers of government"'" [internal citations omitted].) While protection against governmental arbitrariness is at the core of due process, only the most egregious executive action can be said to be "arbitrary in the constitutional sense." *County of Sacramento v. Lewis* (1998) 523 U.S. 833, 846 (quoting *Collins v. City of Harker Heights, Tex.* (1992) 503 U.S. 115, 129). The due process clause "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Daniels*, 474 U.S. at 328; *Berman v. City of Daly City*, 21 Cal.App.4th 276, 288 (1993). Instead, the cognizable level of executive abuse of power is that conduct that "shocks the conscience" and violates the "decencies of civilized conduct." *County of Sacramento*, 523 U.S. at 846 (quoting *Rochin v. California* (1952) 342 U.S. 165, 172-73) ("[H]igh-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983").

In this case, neither Orduno nor Ortiz, on the facts alleged, engaged in conduct that "shocks the conscience" within the meaning of the Fourteenth Amendment's due process clause. As set out above, mere allegations of verbal harassment are not cognizable under § 1983. *Freeman,* 125 F.3d at 738. Therefore, Plaintiff's due process claim under the Fourteenth Amendment must likewise be dismissed as to these moving Defendants.

III

PLAINTIFF'S RETALIATION CLAIM UNDER THE FIRST AMENDMENT SHOULD BE DISMISSED INASMUCH AS VERBAL HARASSMENT DOES NOT STATE A CLAIM UNDER § 1983

Deliberate retaliation by state actors against an individual's exercise of the First Amendment is actionable under § 1983. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1996), *cert. denied*, 479 U.S. 1054 (1987). Recently, in *Hartman v. Moore* (2006) 547 U.S. 250, the High Court observed, "Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right' [citation], and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions. . . ." *Hartman,* 547 U.S. at 256.

In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994); *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999). This inquiry asks "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996), *vacated on other grounds*, 523 U.S. 1273 (1997) (internal quotation marks and citation omitted). Mere allegations of verbal harassment are not cognizable under section 1983. *Rutledge v. Arizona Bd. of Regents* (9th Cir. 1981) 660 F.2d 1345, 1353, *aff'd on other grounds in Kush v. Rutledge (1983)* 460 U.S. 719; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse does not rise to the level of a constitutional deprivation).

In this case, Plaintiff alleges simply "that Defendants have retaliated against Plaintiff for filing his medical grievances, in violation of the First Amendment." (FAC ¶ 41.) Assuming by this Plaintiff contends that Defendants continued to harass him even after he filed his medical grievance in April 2006, the claim fails as a matter of law. *Rutledge,* 660 F.2d at 1353; *Oltarzewski,* 830 F.2d at 139. In any event, a single vague and conclusory allegation of

1 retaliation, standing alone, is insufficient to support a constitutional violation.  *See Ivey v. Board
2 of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory
3 allegations of official participation in civil rights violations are not sufficient to withstand a
4 motion to dismiss").  Thus, the First Amendment claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Ortiz and Orduno respectfully request this Court grant the motion to dismiss and dismiss the FAC with prejudice as to these moving Defendants.

Dated:  September 18, 2008

          Respectfully submitted,

          EDMUND G. BROWN JR.
          Attorney General of the State of California

          KRISTIN G. HOGUE
          Supervising Deputy Attorney General


          s/David F. Taglienti
          DAVID F. TAGLIENTI
          Deputy Attorney General

          Attorneys for Defendants E. Orduno and
          S. Ortiz

80272372.wpd